Redevelopment Authority of the City of Wilkes-Barre, Appellant, *v.* A. P. Santucci, trading as Santucci Produce, Appellee.

Argued April 4, 1975, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Donald D. McFadden,* with him *Flanagan, Doran, Biscontini & Shaffer,* for appellants.

*Gifford Cappellini,* with him *Cardoni, Coslett, Cappellini, Sobota & Piccone,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., July 21, 1975:

This condemnation case raises two issues under Section 601-A of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-601A (Supp. 1974-1975).:

1) May a tenant recover 40 times the fair monthly rental value of his lease as business dislocation damages under Section 601-A(b)(3) when the amount of his actual monthly rental is undisputed?

2) May storage costs be awarded as reasonable removal expenses under Section 601-A(a)?

On August 16, 1971, the Redevelopment Authority of the City of Wilkes-Barre (Condemnor) filed a declaration of taking condemning any interest held by A. P. Santucci, trading as Santucci Produce (Condemnee) as the lessee of property located under the four spans of the South Street Bridge in Wilkes-Barre. Condemnee operated a wholesale produce business on the property under a lease from the City of Wilkes-Barre since 1957. It is undisputed that as of August 16, 1971 the monthly rent

paid by Condemnee to the City for this leasehold interest was $25.00, and that, as a result of the condemnation Condemnee was forced to relocate his business resulting in a substantial loss of existing patronage. He also incurred considerable storage expenses in the relocation process. The Board of View awarded $4,000.00 for Condemnee's leasehold interest and $2,290.00 for removal expenses under Section 608 of the Code.[1] Condemnor appealed this award to the court below which, sitting as a jury, returned a total verdict of $19,200.00 on September 29, 1972. Condemnor's motion for a new trial was dismissed, and this appeal followed.

We are here concerned only with two portions of the lower court's verdict: the award of $10,000.00 in business dislocation damages; and $3,700.00 in storage expenses under the provisions of Section 601-A(b)(3) and 601-A(a), 26 P.S. §§1-601A(b)(3) and 1-601A(a), respectively.[2] Section 601-A(b)(3) provides, in pertinent part, for business dislocation "damages of not more than ten thousand dollars ($10,000.00) nor less than twenty-five hundred dollars ($2,500.00), in an amount equal to either (i) *forty times the actual monthly rental, in the case of a tenant, or forty times the fair monthly rental value, in the case of owner occupancy;* or (ii) the average annual net earnings, whichever is greater." (Emphasis supplied.) The trial court awarded the maximum amount provided by Section 601-A(b)(3) based upon an estimate of the fair monthly rental value of the lease of $400.00 which, when multiplied by 40, exceeds the $10,000.00 statutory ceiling. This was an error of law because Condemnee was a tenant at the time of the condemnation, and it is undisputed that his "actual monthly

---

1. Repealed by the Act of December 29, 1971, P.L. 635, and replaced by Section 601-A, 26 P.S. §1-601A.

2. Condemnor also appealed the award of $500.00 in attorney's fees under Section 610, 26 P.S. §1-610, but the issue was withdrawn at oral argument.

rental" was $25.00. His recovery was, thus, limited to the statutory minimum of $2,500.00. *See Lasher v. Allegheny County Redevelopment Authority,* 211 Pa. Superior Ct. 408, 236 A. 2d 831 (1967). A recovery based upon the fair monthly rental value of the premises may not be applied equally to the case of a tenant and an owner-occupant. Section 601-A(b)(3) clearly differentiates the two situations. A tenant's recovery is governed by his "actual monthly rental." The language of the statute is clear and unambiguous, and it must be given its plain and obvious meaning. The Statutory Construction Act of 1972, 1 Pa. C. S. §1903; *Commonwealth v. Reick Investment Corp.,* 419 Pa. 52, 213 A. 2d 277 (1965) ; *Americans Be Independent v. Commonwealth,* 14 Pa. Commonwealth Ct. 179, 321 A. 2d 721 (1974). "Actual monthly rental" clearly means the monthly rent actually paid by a lessee.[3]

Nor are *Pittsburgh Outdoor Advertising Corporation Appeal,* 440 Pa. 321, 272 A. 2d 163 (1970), and *Profit-Sharing Blue Stamp Co. v. Urban Redevelopment Authority,* 429 Pa. 396, 241 A. 2d 116 (1966), persuasive on this point as neither involved an interpretation of business dislocation damages under Section 601-A(b)(3) or under its predecessor, Section 609. Rather, the Court there considered, for just compensation purposes, the valuation of a condemned *leasehold* interest, *i.e.,* the "bonus" value of the lease, under Sections 601 and 602 of the Code, 26 P.S. §§1-601 and 1-602. The Court con-

---

3. Snitzer, *Pennsylvania Eminent Domain* (1965 Ed.), §609-3.3 pp. 350-51, suggests that under Section 609, as repealed and replaced by Section 601-A, "actual monthly rental paid for the business premises" should be interpreted as " 'reasonable' monthly rental, free from all inferences of a collusive, fraudulent, or otherwise not bona fide lease." The bona fides of Condemnee and the City of Wilkes-Barre's lease were not disputed, and thus it is clear we must look to Condemnee's "actual rental value" under Section 601-A(b)(3).

cluded in *Pittsburgh Outdoor Advertising Corporation Appeal, supra,* that the Code did not change the law in Pennsylvania which "has long been that the value of a condemned leasehold interest is the difference between the fair rental value of the leased premises and the rent actually reserved in the lease." 440 Pa. at 325, 272 A. 2d at 165. Here we are not called upon to determine the valuation of the leasehold interest, but solely business dislocation damages which prior to the enactment of Section 609, as replaced by Section 601-A (b) (3), were not the proper subject of recovery. Thus, in determining the amount recoverable we are bound by the plain language of Section 601-A (b) (3) which, in the case of a tenant, provides for 40 times the actual monthly rental of the property.

We do agree with the lower court, however, that reasonable storage expenses may be awarded to a displaced person as "reasonable expenses incurred in moving himself and his family and for the removal, transportation, and reinstallation of personal property" provided by Section 601-A (a), 26 P.S. §1-601A (a). Condemnor does not dispute that Condemnee qualified as a displaced person, that the items removed and stored were personal property, that $3,700.00 was actually incurred by Condemnee in interim storage expenses, or that such expenses were reasonable. Hence, our determination here is limited to whether storage expenses are recoverable, at all, under Section 601-A (a). Although this appears to be a question of first impression, a reading of Section 601-A in its entirety supports the allowance of storage expenses. This section was intended to provide a recovery of reasonable expenses incurred by a displaced person in relocating his family or business. It does not reflect a legislative intent to restrict the recovery of moving expenses to the situation where a relocation immediately follows a displacement. Rather, subsection (b) (4) of 601-A provides, as an additional element of recovery,

"*actual reasonable expenses incurred* in searching for a replacement business or farm," 26 P.S. §1-601A(b)ı(4). This, of necessity, could include both the situation where the search for a replacement business is undertaken before as well as after the displacement occurs should a condemnee be unsuccessful in securing a replacement property before then. Given this indication of a time framework extending beyond the date of displacement, we must conclude that reasonable storage expenses can be awarded under subsection (a) of 601-A where a displaced person has made a bona fide attempt to relocate his business before the date of dispossession, or, where due to conditions beyond his control, the situs of relocation is unavailable at the date of dispossession and storage of personal property becomes reasonably necessary.

Consistent with the foregoing, we remand the case to the court below with direction that business dislocation damages allowed under Section 601-A(b) (3) of the Eminent Domain Code be awarded in the amount of $2,500.00. The verdict in all other respects is affirmed.