Florence E. Houtz, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued December 4, 1978, before Judges CRUM-LISH, JR., BLATT and CRAIG, sitting as a panel of three.

*Florence E. Houtz,* petitioner, for herself.

*Edward P. Carey,* Assistant Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., May 3, 1979:

Florence E. Houtz (Petitioner) appeals two decisions of the Department of Public Welfare (DPW)

terminating general assistance payments. Appeals have been consolidated for argument. We affirm.

Houtz's first appeal revolves around the following facts:

Houtz received monthly assistance payments from the Philadelphia County Board of Assistance (CBA) of $164.00. In 1977 CBA terminated her assistance because she failed to comply with Section 432.5(c)[1] of the Public Welfare Code (Code) which places a $250.00 limit on personal property holdings of a single recipient. She was given notice of CBA's decision and three weeks in which to decrease her cash reserve (which was in excess of $450) and to verify the expenditures. This she refused to do. DPW held a hearing and affirmed CBA's termination of payments. Benefits continued pending this appeal.

On appeal Houtz argues:

1. That by limiting personal property holdings to $250, Section 432.5(c) prohibits DPW from aiding "needy" persons and promoting "self-dependency" as the legislature intended in Section 401[2] of the Code.

2. That cash reserves in excess of the $250 limit of Section 432.5(c) are exempted by Section 432.5(c)(3)[3] of the Code when for the purpose of purchasing materials or equipment used in her profession or employment.

3. That she has been denied equal protection of the law by Section 432.5(c)(5)[4] of the Code which per-

---

[1] Section 432.5(c) of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended*, added by Section 5 of the Act of July 9, 1976, P.L. 933, 62 P.S. §432.5(c).

[2] Section 401 of the Public Welfare Code, 62 P.S. §401.

[3] Section 432.5(c)(3) of the Public Welfare Code, 62 P.S. §432.5(c)(3).

[4] Section 432.5(c)(5) of the Public Welfare Code, 62 P.S. §432.5(c)(5).

mits school children to maintain cash reserves of $2,-000 while adults are limited to cash reserves of $250.

After careful consideration of her arguments and the statute, we conclude that her allegations are without merit.

As to Houtz's first contention, the rules of statutory construction require that individual sections of a statute, including those which espouse the legislative intent, be construed with reference to the entire statute. *See Wolfe v. Department of Transportation, Bureau of Traffic Safety,* 24 Pa. Commonwealth Ct. 261, 355 A.2d 600 (1976); *Keitt v. Ross,* 17 Pa. Commonwealth Ct. 183, 331 A.2d 582 (1975). To determine the legislative intent, Section 401 must be read in conjunction with statutory provisions which define its terms. "Need," as used in Section 401, is defined, at least in part, by Section 432.5(c) of the Code. Viewed in this light, we find no conflict. The legislature intended Section 401 to provide aid to "needy" persons; however, a person shall not be considered "needy" to the extent that he has personal assets in excess of $250.[5]

Moreover, contrary to Houtz's allegations, Section 432.5(c) does not deprive a recipient of the ability to be self-dependent by denying him the opportunity to accumulate personal assets necessary to sustain himself and his household. Subsections (1) through (7) of Section 432.5(c) specifically exempt from the $250 limitation on property holdings household furnish-

---

[5] In response, Petitioner then argues that the legislative determination of "need" is unrealistic. She submits that she needs more than $250 over her grant of $164 to provide for herself. While this may well be true, what constitutes need is not the business of this Court. "[T]he Constitution does not empower this court to second guess state officials charged with the difficult responsibility of allocating limited public welfare funds among the myriad of potential recipients." *Danbridge v. Williams,* 397 U.S. 471, 487 (1970).

ings, personal effects and other items used to provide, equip and maintain the household and recipient, as well as motor vehicles and life insurance (so long as the cash value is not in excess of $1,000).[6] Further, Section 432.5(c)(3) exempts all "equipment and materials" necessary to implement employment, rehabilitation or self-care plan thus enabling a recipient to maintain and accumulate those items required for self-support.

Regarding the second contention, Section 432.5(c)(3) by its terms applies only to "equipment and materials." Statutory language which is clear and unambiguous must be given its obvious meaning, the letter of the statute may not be disregarded under the pretext of pursuing its spirit. *Schneck v. City of Philadelphia*, 34 Pa. Commonwealth Ct. 96, 383 A.2d 227 (1978); *Redevelopment Authority of Wilkes-Barre v. Santucci*, 20 Pa. Commonwealth Ct. 376, 341 A.2d 533 (1975). Accordingly, Section 432.5(c)(3) will not be extended to include cash reserves, even when reserves are for the alleged purpose of purchasing "equipment or materials" necessary for employment.

Finally, there has been no denial of equal protection of the law on the ground that school children are treated differently under the statute than adults. Equal protection does not require equal treatment for persons having different needs. *See Reed v. Reed*, 404 U.S. 71 (1971). So long as the statutory classification has some "reasonable basis" it is not offensive to the Constitution even where in its practice inequality results. *Danbridge v. Williams*, 397 U.S. 471 (1970). The legislature has determined that school children, with their educational expenses in the future, should be treated differently than adults. The

---

[6] *See* Sections 432.5(c)(1) through (7) of the Code, 62 P.S. §432.5(c)(1) through (7).

distinction being based upon reasonable grounds and geared toward a valid legislative purpose, does not violate the Fourteenth Amendment.

Houtz's second appeal asserts the following:

In 1978 Houtz's assistance was terminated a second time for failure to comply with DPW regulations which require that a recipient's eligibility for assistance be redetermined semi-annually by a personal interview. A hearing was scheduled before DPW within 55 days of petitioner's request but she refused to attend.

On appeal, Houtz argues:

1. CBA has no statutory authority to require periodic redeterminations of a recipient's eligibility for assistance.

2. Assuming CBA has the authority to subject a recipient to periodic redeterminations of eligibility, no DPW regulations require that redetermination proceedings include a personal interview.

3. DPW is required by law to hold a hearing on the merits within 30 days of a petitioner's request, when the agency decision affects receipt of cash assistance. Failure of DPW to act within the required time makes all subsequent DPW enforcement of its regulations illegal.

Houtz's arguments are without merit.

Semi-annual redetermination of a recipient's eligibility is specifically required by Section 432.2(c)[7] of the Public Welfare Code. Moreover, DPW regulation 133.23(a)(2)(ii)[8] mandates that each semi-annual redetermination includes at least one personal interview of the recipient.

Time limitations within which final administrative action must be taken are governed by Regulation 275.

---

[7] Section 432.2(c) of the Public Welfare Code, 62 P.S. §432.2(c).

[8] 55 Pa. Code §133.23(a)(2)(ii) ; see also 55 Pa. Code §133.23(c).

4(b)(1)[9] which requires final agency action within 90 days of the date of appeal when, as here, the agency decision affects cash assistance. Failure of DPW to act within the specified time period does not render subsequent Department actions illegal. A petitioner may demand payment of the assistance requested until final action is taken on the appeal.[10]

Accordingly, we

ORDER

AND Now, this 3rd day of May, 1979, the decisions of the Department of Public Welfare dated October 13, 1977 and July 13, 1978, terminating general assistance payments are affirmed.

---

[9] 55 Pa. Code §275.4(b)(1).
[10] 55 Pa. Code §275.4(d).