420 A.2d 744

**STATE CAPITAL SAVINGS AND LOAN ASSOCIATION,**

**v.**

**221 SHADY AVENUE, INC., Mortgagor,**

**and**

**All–States Apartment Leasing, Inc., Appellant, (two cases).**

Superior Court of Pennsylvania.

Submitted April 12, 1979.

Filed June 27, 1980.

Mark L. Glosser, Pittsburgh, for appellant.

Jeffrey C. Munnell, McKeesport, for mortgagor.

BEFORE VAN der VOORT, SPAETH and WATKINS, JJ.

WATKINS, Judge:

These are appeals from the orders of the Court of Common Pleas of Allegheny County, denying the petitions of the defendant–appellant, All States Apartment Leasing, Inc., to open judgments taken for default on certain mortgages.

On or about October 21, 1977, the appellee, State Capital Savings and Loan Association, instituted four complaints in mortgage foreclosure against the appellant. No answers were filed by the appellants. On November 16, 1977, default judgments were taken by the appellee on two of the mortgage foreclosure actions which are the subject of this appeal. The appeals in both cases are consolidated before this Court.

On November 29, praecipes for Writs of Execution were issued on these two actions and on November 30, 1977, Writs of Execution were served upon the appellant and costs were paid to the Sheriff of Allegheny County for the advertisement of the execution sales. Proper notices were made during the execution procedure.

On December 7, 1977, a rule was entered by the Common Pleas Court of Allegheny County against the appellee to show cause why the judgments entered should not be opened. The appellee answered and after argument, the court below dismissed the rule and ordered execution to proceed.

In April of 1976, the appellant purchased the subject real estate and many other parcels at a receiver's sale. The real estate, so purchased, was encumbered by individual mortgages and the purchase was expressly made to be subject to these mortgages.

Payments were made for a time on the mortgages. However, in December, 1976, a check presented by the appellant was dishonored by the drawee bank. Since November, 1976, the appellee has received no monthly payments whatsoever from the appellant on the two properties in question.

During the period between the purchase and the institution of foreclosure proceedings, many meetings and conversation were held between the parties and Charles Patterson, the agent for All States, was told repeatedly that the mortgages had to be brought current or foreclosure would follow.

The case was submitted based upon the pleadings and argument of counsel. The appellant claims that by bringing certain mortgages up to date other than the two here involved, that he had an oral promise that the foreclosure would stop. This is denied by the appellee by stating that at no time was the appellant's agent advised either orally or in writing, that the payment made on the other mortgages would stop the foreclosure.

The court below found that there was no consideration for the alleged agreement even if it existed, as to payments on pre–existing obligations as they were legally bound to pay them. He relied on *Chatham Communication, Inc. v. General Press*, 463 Pa. 292, 344 A.2d 837 (1975), where the court said at page 840:

"It is axiomatic that the performance of an act which one party is legally bound to render to the other party is not legal consideration. Payment of a valid judgment is not consideration for an agreement, for the plain reason that there is no benefit to the creditor who is entitled to the whole nor a detriment to the debtor who is already legally obligated to liquidate this indebtedness."

We agree.

Orders affirmed.

SPAETH, J., concurs in the result.