**Eastern Insulating Glass Co. v. Raymon R. Heddon & Co.**

*J. H. Appleton,* for plaintiff.

*A. Richard Caputo,* for defendant, Heddon.

*William Zacharellis,* for defendant, North Pocono.

MUNLEY, *J.,* October 17, 1980—This matter is before the court on defendant's preliminary objections in the nature of a demurrer to plaintiff's complaint alleging, that the complaint fails to state a cause of action and lack of jurisdiction in this court to entertain these matters. In the instant case the material supplier to a sub-contractor on a school project brought suit against the general contractor and it's surety on a payment bond. Preliminarily, at argument, it was determined that the authority [a third defendant initially sued in this action] was not a proper party defendant in this proceeding and without further discussion their motion for demurrer will be sustained. We shall consider the merit of the preliminary objections of the general contractors and the surety.

The relevant facts in this matter are as follows:

On or about May 27, 1976, defendant Raymon R. Heddon & Co., Inc. and North Pocono Joint Authority entered into a contract, in connection with the construction of the Jefferson Elementary School Building. On July 26, 1976, a payment bond was issued with defendant Raymon R. Heddon & Co., Inc., as the principal, defendant Reliance Insur-

ance Company as the surety, and defendant North Pocono Joint Authority as the obligee. This payment bond was a necessary prequisite to the prime contract under the Public Works Contractors' Bond Law of 1967 of December 20, 1967, P.L. 869, 8 P.S. § 191 et seq. Subsequently, defendant Raymon R. Heddon & Co., Inc. engaged Ridon Glass Co., Inc. as a subcontractor on the project. Plaintiff, Eastern Insulating Glass Co., contracted with Ridon Glass Co., Inc. by written purchase orders, to supply insulating glass to be used in the School Building. Ridon is not a party to this action. Plaintiff averred that it supplied glass to the project over a period of time from August of 1977 to and including February 22, 1978 and that it is owed a total of $4,733.07. On May 5, 1978 plaintiff sent, by regular mail, the following letter to defendant Raymon R. Heddon Co., Inc.,

May 5, 1978

Raymon R. Heddon & Co.
Building Contractors
P.O. Box 276
Dallas, Penna. 18616
re: Jefferson School
    Good Shepherd Church
Gentlemen:

Please be advised that Ridon Glass Company, Inc. has not fully paid us for materials supplied on above projects.

I would appreciate a phone call in the next few days so that we can discuss what means are available of paying for these materials used on your project.

Sincerely,<br>Ralph R. Yocum

RRY:eak
cc: F. Harry Speiss
    Robert A. Saul

The only issue presented is whether plaintiff's notice, via the letter of May 5, 1978, to the general contractor was adequate to preserve his claim against the general contractor and the surety on the payment bond.

According to both the "Bond Law," supra., and the terms of the bond itself:

"Any claimant who has a direct contractual relationship with any subcontractor of the prime contractor who gave such payment bond but has no contractual relationship, express or implied, with such prime contractor may bring an action on the payment bond only if he has given written notice to such contractor within ninety days from the date on which the claimant performed the last of the labor or furnished the last of the materials for which he claims payment, stating with substantial accuracy (emphasis added) the amount claimed and the name of the person for whom the work was performed or to whom the material was furnished. Notice shall be served by registered or certified mail . . ." 8 Pa.C.S.A. § 194(b).

This court has been unable to find any cases interpreting this notice requirement under the Public Works Contractors' Bond Law of 1967. The Pennsylvania Courts have found that analogizing and following the Miller Act* decisions is useful because of the similarity of purpose and language between that act and Pennsylvania law. The logic used in interpreting the Miller Act is easily and appropriately transferred to the Pennsylvania statute: Commonwealth to use Walters Tire Service, Inc. v. National Union Fire Insurance Co., 434 Pa. 235, 252 A. 2d 593 (1969).

---

*40 U.S.L.A. §270 et seq.—the Miller Act is the federal counterpart to the Pa. Public Works Contract Bond Statute.

Defendants, Heddon and Reliance, contend that since plaintiff failed to comply with the notice requirements of the Public Works Contractors' Bond Law of 1967, the claimants are unable to rely upon this statutory cause of action and consequently this court lacks jurisdiction. Defendants argue the notice to the general contractor contains two fatal defects, in that the letter of May 5, 1978 was: (1) not sent by registered mail, and also (2) the letter does not state with "substantial accuracy" the amount claimed to be owed.

In Fleisher Engineering & Construction Co. v. United States for the Use and Benefit of Hallenbeck, 311 U.S. 15, 61 S. Ct. 81, 85 L. Ed. 12 (1940), the Supreme Court held, in a similar situation that Section 270(b)(a) of the Miller Act, Supra., requires notice to the prime contractor as a condition precedent to any action under the act; and it is recognized that registered mail is not a mandatory mode of service: U.S., Hillsdale Rock, Etc. v. Cortelyou Cole, Inc. 581 F. 2d 239, 243 (9th Cir. 1978). However, the provisions of the act do require a minimum of attention and effort, by plaintiff, and the courts have rejected the "Knowledge of the general contractor" approach to satisfying requirements of the notice: U.S. v. Glenn-Stewart, 388 F. Supp. 289 (1975). Since defendant Raymon R. Heddon, & Co., Inc. actually received the notice given, the absence of service by registered mail is not of legal significance. In accord: U.S. Etc. v. E. J. T. Const. Co., Inc., 453 F. Supp. 435 ( D. Del. 1978).

We must now determine whether or not the letter of May 5, 1978 complies with the "substantial accuracy" aspect of the notice requirement of the Bond Law. The defense relies upon the omission of any amount claimed to be owed in the notice.

In United States v. Glenn-Stewart-Pickney B &

D, Inc., supra., the court stated that it is true that the Miller Act is entitled to a liberal construction and application to give effect to the Congressional intention of protecting those whose labor and materials go into public projects. However, "such a salutary policy does not justify ignoring plain words of limitation and imposing wholesale liability on payment bonds, Accordingly, the Supreme Court has found that the act provides a broad but not unlimited protection, and one such limitation is that materialmen must give "statutory notice" of their claim to bring suit on a payment bond" Supra. at 296.

In the instant matter, the notice requirement of the Pennsylvania statute specifically requires the claimant's notice to state "with substantial accuracy the amount claimed." The law says that statutory language which is clear and unambiguous must be given its obvious meaning, the letter of the statute may not be disregarded under the pretext of pursuing its spirit, Houtz v. Com., Dept. of Public Welfare 42 Pa. Commonwealth Ct. 406, 401 A. 2d 388 (1979), and we must assume that the legislature intends every word of the statute to have effect: The Statutory Construction Act of 1972, 1 Pa.C.S.A. §1922(2).

In the instant case, plaintiff failed to state any amount claimed in his letter of May 5, 1980. This is true despite the clear words of the legislature in setting forth the requirements of "Notice" in the Bond Law. We have read a number of cases interpreting the Bond Law and the Miller Act, we have found none that would serve as a foundation for approving the notice herein. We find plaintiff has failed to comply with conditions and requirement as to notice, such failure constitutes a violation of the statutory prerequisite and which strips the

court of jurisdiction. An appropriate order will be entered.

## ORDER

Now, this October 17, 1980, the preliminary objections of Raymon R. Heddon & Co., and Reliance Insurance Company, Inc. in the nature of demurrer are sustained.

Preliminary objections of defendant, North Pocono Joint Authority are hereby sustained.