## Gordon v. Redevelopment Authority of the County of Washington

*John W. Bitonti,* for plaintiffs.
*William K. Herrington,* for defendant.

TERPUTAC, *J.,* February 10, 1992—The question before the court is whether the defendant, Redevelopment Authority of the County of Washington, is entitled as a matter of law to judgment on the pleadings.

The plaintiffs, Bradford J. Gordon and Laura E. Gordon, had entered into a written contract with Fred Fleet doing business as Fleet Remodeling. Under the contract, Fleet was obligated to make improvements on the plaintiffs' dwelling house. The plaintiffs along with Clarence E. Gordon signed for the home owners, and Fred Fleet doing business as Fleet Remodeling signed as contractor. The Redevelopment Authority is not a party to this contract, though one of its agents, Dennis C. Ceccarelli, witnessed the signature of the parties. After the remodeling had been completed, Ceccarelli acting for the Redevelopment Authority signed a certificate of final inspection. About six months later, the house was damaged as a result of a fire.

Alleging that faulty wiring started the fire causing the destruction of their dwelling, the plaintiffs brought this civil action against the Redevelopment Authority. After the fire, the plaintiffs discovered that Fleet had no insurance to cover the losses. In support of their civil action, the plaintiffs assert a cause of action for breach of contract (Count One) and a cause of action for negligence (Count Two). The defendant has raised two defenses: (1) it is not a party to the contract, and (2) it cannot be liable for negligence because the authority has immunity either by the Political Subdi-

vision Tort Claims Act, 42 Pa.C.S. §8541, or by the Sovereign Immunity Act, 42 Pa.C.S. §8521. The defendant filed the instant motion for judgment on the pleadings.

In their brief the plaintiffs have conceded that the claim sounding in tort or negligence is barred, for the claim does not come within any of the stated exceptions. The court will grant the motion for judgment on the pleadings with respect to Count Two.

Pa.R.C.P. 1034 provides that after the pleadings are closed, any party may move for judgment on the pleadings. This kind of motion is in effect a demurrer; in considering such motion, the court should be guided by the same principles as would be applicable if it were disposing of a preliminary objection in the nature of a demurrer. *Mazzagatti v. Everingham,* 512 Pa. 266, 516 A.2d 672 (1986). We must confine ourselves to the pleadings and documents properly attached thereto. *Hite v. J.R. Reynolds Tobacco Co.,* 396 Pa. Super. 82, 578 A.2d 417 (1990). Judgment on the pleadings should be granted only where the matter is so clear and free from doubt that a trial would be a fruitless exercise. *Gallo v. J.C. Penney Casualty Insurance Company,* 328 Pa. Super. 267, 476 A.2d 1322 (1984).

Have the plaintiffs stated a cause of action for breach of contract? In the contract the opening paragraph recites that the owner desires to use the benefits of the Washington County Redevelopment Authority rehabilitation program to rehabilitate the property; it further provides as follows: "and the Redevelopment Authority of the County of Washington will provide funds

as specified under the rehabilitation program and is in no other way a party to this agreement."

Relying on *Electron Energy Corporation v. Short,* 408 Pa. Super. 563, 597 A.2d 175 (1991), the Redevelopment Authority has asserted a complete defense to the cause of action in contract. *Electron Energy* stands for the proposition that one cannot be liable for breach of contract unless one is a party to that contract. The Redevelopment Authority also relies on *Henry v. First Federal Savings & Loan Association,* 313 Pa. Super. 128, 459 A.2d 772 (1983), in which the court held that a mere lender of funds owed no duty to the borrower to conduct quality inspections of the construction work.

But the plaintiffs contend that their cause of action in the nature of breach of contract (Count One) should proceed to trial on the theory of a contract implied-in-fact. The general precept is that a contract implied-in-fact arises where the parties agree upon the obligations to be incurred or carried out. *Pennsylvania Federal Savings and Loan v. Pettit,* 137 Pa. Commw. 523, 586 A.2d 1021 (1991). Their intention is implied from the facts or circumstances rather than from expressed words. In any event, the agreement must be supported by legal consideration. *State Capital Savings and Loan v. 221 Shady Avenue Inc.,* 279 Pa. Super. 62, 420 A.2d 744 (1980).

Thus, from the facts and circumstances which occurred between the plaintiffs and the Redevelopment Authority, the plaintiffs have argued that the motion for judgment on the pleadings is premature in that disputed issues of material fact exist, especially because certain obligations with respect to completion of the

contract and of quality inspection by the Redevelopment Authority are in issue.

Before we examine the pleadings and the written contract, we should dispose of the argument by the Redevelopment Authority that both the Political Subdivision Tort Claims Act and the Sovereign Immunity Act bar the contractual claim. Historically, both statutes had been enacted to limit and define tort and negligence claims in the Commonwealth. Both statutes speak of negligent acts. Nowhere in the statutes is there any reference to contract claims. See 42 Pa.C.S. §§8522 (a) and 8542(a). Clear and unambiguous statutory language must be given its obvious meaning. *Houtz v. Department of Public Welfare,* 42 Pa. Commw. 406, 401 A.2d 388 (1979). Moreover, the limitations on damages in each statute specifically refer to damages in tort and negligence claims. The cases cited by the defendant are inapposite. We hold that the statutes do not bar contractual claims. If the statutes had barred such claims, serious constitutional issues would immediately arise.

Examining the pleadings, as we must, we note that the written contract is one solely between the plaintiffs and Fleet. Of the consideration owing to the contractor, the Redevelopment Authority was to pay $8,500, pursuant to a mortgage agreement with the owners, and the balance was to be paid by the owners. Under paragraph 11 of the complaint, the plaintiffs aver that Dennis C. Ceccarelli (the agent who signed the contract only as a witness) "had certain duties with respect to the aforesaid contract...." In the same paragraph the plaintiffs have stated that Ceccarelli was obligated to process applications, conduct preliminary inspections, obtain information, prepare work write-ups, assist the owner to secure bids, assist the contractor and owner with

the written agreement, monitor construction activities, conduct a final inspection to assure proper completion of the work, process payment requests, and conduct "other unspecified work activities necessary to complete the rehabilitation process." In paragraph 12 the plaintiffs have averred that Ceccarelli signed the certificate of final inspection, indicating that a final inspection had been made and that the work had been satisfactorily completed "in accordance with the construction contract."

Under paragraph 17 the plaintiffs have said that the Redevelopment Authority "materially breached the contract and agreement," reciting in support generally that the Redevelopment Authority failed to assure that Fleet carried liability insurance, failed to assist the owner to secure bids, failed to assure that the written agreement was properly carried out, failed to monitor the construction, failed to inspect properly, and failed to see that all the work had been satisfactorily completed.

Of particular significance is the lack of any words in the complaint that the plaintiffs were referring to any contract implied-in-fact or any contract independent of the written contract between the plaintiffs and Fleet. In addition, in the plaintiffs' reply to new matter, p. 3, they refer to assumption of duties by the Redevelopment Authority, but these references specifically designate the assumptions "under the contract" and "pursuant to the provisions in the contract." Despite the clear and unambiguous statement in the written contract that the Redevelopment Authority is not a party to it, the plaintiffs have attempted to impose duties upon the defendant as if it were a party.

As to the written contract, the warranties and promises refer to what the contractor is required to do. In paragraph 5 the owner has undertaken certain commitments.

Most of the cost of construction is the obligation of the Redevelopment Authority, though the mortgage instrument between the owner and the Redevelopment Authority is not part of the pleadings. By virtue of paragraph 18, the owner and contractor agree to hold the Redevelopment Authority harmless "from any and all loss, cost, or damage of every kind, nature or description arising under this contract or from any source whatsoever."

Not only have the plaintiffs failed to aver the existence of another contract, but the defendant has no obligations under the written contract, except those duties ordinarily incidental to a lending entity such as a bank or loan company. Such duties include the making of payments to the contractor, providing the forms for parties, and making a final inspection to assure that the work has been completed, not that the lender has any obligation to conduct quality inspections, to monitor the project, or to assure that the work has been completed in a workmanlike manner.

From the standpoint of the pleadings on behalf of the plaintiffs, they have relied on the written contract: The entire tenor of their pleadings speaks of assumptions that specific obligations are being undertaken by one not a party to the contract. Indeed, the certificate of final inspection, exhibit 1 attached to the reply, is typical of the inspection certificate issued by lenders. This case, then, comes within the general principle of law that no duty is imposed upon the lender to inspect the mortgaged premises to see that the borrower is obtaining what he may have been promised by a vendor or contractor. *Henry v. First Federal Savings & Loan Association of Greene County,* 313 Pa. Super. 128, 459 A.2d 772 (1983); *Federal Land Bank of Baltimore v. Fetner,* 269 Pa. Super. 455, 410 A.2d 344 (1979).

The lender's inspection ordinarily is made to assure that the property has sufficient value to secure the loan. *Federal Land Bank of Baltimore, supra.* No language appears in the certificate of final inspection to show that the inspection is for the plaintiffs' benefit with respect to quality of the work. More important, nothing in the written contract imposes obligations on the Redevelopment Authority for the benefit of the plaintiffs, except providing the funds for construction.

The interpretation of a contract is a matter for the court in the first instance. *Dorn v. Stanhope Steel,* 368 Pa. Super. 557, 534 A.2d 798 (1987). The intent of the parties to a written contract is regarded as embodied in the writing itself, and when the words are clear and unambiguous the intent shall be determined only from the express language. *Steuart v. McChesney,* 498 Pa. 45, 444 A.2d 659 (1982). Referring again to the opening paragraph of the contract between the plaintiffs and Fleet, it states in clear an unmistakable language that the Redevelopment Authority is to perform the function as a lender of funds and "is in no other way a party to this agreement." The court may not rewrite or remake the contract out of some general feeling of sympathy for the plaintiffs who unfortunately have been dealt a severe financial blow by a contractor without insurance. Under the circumstances, we must also enter judgment on the pleadings in favor of the defendant on Count One.

## ORDER

And now, January 10, 1991, the motion for judgment on the pleadings by the defendant, Redevelopment Authority of the County of Washington, is granted and the prothonotary is ordered and directed to enter judgment on Counts One and Two in favor of the Rede-

velopment Authority of the County of Washington and against the plaintiffs, Bradford J. Gordon and Laura E. Gordon.

Costs on the plaintiffs.