Department of Transportation *v.* White.

Argued November 10, 1971, before Judges WILKIN-
SON, JR., MENCER and ROGERS, sitting as a panel of
three.

*David A. Johnston, Jr.,* Assistant Attorney General,
with him *Anthony J. Maiorana,* Assistant Attorney
General, *Robert W. Cunliffe,* Deputy Attorney General,
and *J. Shane Creamer,* Attorney General, for appellant.

*A. A. Bluestone* appeared for appellee but did not
argue.

OPINION BY JUDGE WILKINSON, December 9, 1971:

This is an appeal by the Commonwealth from the
decision of the Court of Common Pleas of Allegheny

County which restored appellee's operator's license. The license had been suspended by the Secretary of Transportation because, by the Secretary's computation on being convicted on March 27, 1967, and thereby being assessed six points, the appellee had accumulated 13 points. The lower court sustained the appeal "for the reasons set forth on the record". We might return this case to the court below to have it point out the reasons on which it relied, but since we can find no sufficient reason set forth in the record, no good purpose would be served by so returning it and, therefore, reverse the lower court's restoration of the appellee's driver's license.

The record shows that appellee based his appeal to the lower court on the fact that although he had plead guilty and paid his fine for going through a stop sign, he in fact was not guilty and, therefore, should not have been assessed five points. Although this was the basis for the appeal, it was not pressed in the court below, is not pressed here, and has no validity. See *Virnelson Motor Vehicle Operator License Case*, 212 Pa. Superior Ct. 359, 243 A. 2d 464 (1968).

A clerical error was made in transferring the date of a conviction which actually took place on November 2, 1966, as clearly shown on the conviction report made a part of the record, to appellee's point card where the conviction is inaccurately documented as having occurred on October 8, 1966. The point assessment is made as of the actual date of conviction and subsequent clerical errors do not affect it.

Finally, appellee's point card, as it appeared at the time of the hearing in the court below, showed total points of 10. However, this reflected the suspension release as a result of this appeal being a supersedeas and being treated as a restored license. Without commenting on this rather bizarre treatment of the effect

of the appeal and supersedeas, there can be no question but that our reversal of the lower court's sustaining the appeal reinstates the suspension of the 13 points on which it was based at that time.

The decision of the court below is reversed and the 60-day suspension imposed on August 7, 1967, is reinstated.