## Department of Transportation v. Wolfe

Harold H. Cramer, for Commonwealth.
A. Stephen Cohen, for appellant.

KIVKO, P.J., April 22, 1975—Kaye A. Wolfe has appealed from a 60-day suspension of his motor vehicle operating privileges imposed under sections 619.1(g), (i) and (k) of The Vehicle Code for the accumulation of at least 11 points.

After hearing held and due consideration of the testimony taken, the court makes the following

## FINDINGS OF FACT

1. Appellant was convicted on January 3, 1973 under section 1002(c) of The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 PS §1002(c), for operating a tractor-trailer 13 miles in excess of the speed limit and was assigned six points for the violation under section 619.1(b).

2. He was credited one point for passing the driver improvement school test.

3. He was convicted on December 19, 1973, under section 1002(c) for operating a tractor-trailer

13 miles in excess of the speed limit and was assigned six points for the violation.

4. On April 9, 1974, he was sent a notice by the Bureau of Traffic Safety of the Department of Transportation that his records showed a total accumulation of 11 points and that he should appear within 30 days for a special examination by the Pennsylvania State Police.

5. He did not receive such notice and did not appear for such examination.

6. On June 6, 1974, the department sent him a notice that five additional points were assessed for his failure to attend or satisfactorily complete the requirements of the special examination; that his total point accumulation was 16 and that his license was suspended for 60 days, effective as of July 11, 1974.

7. On his request for a departmental hearing, his license was restored on June 18, 1974, pending such hearing.

8. He was given such a hearing on October 10, 1974.

9. On December 24, 1974, he received a notice of point accumulation and suspension similar to the one dated June 6, 1974, except as to effective date of suspension, which in this notice was stated to be January 28, 1975.

10. On January 14, 1975, he filed an appeal from the suspension.

11. His license was restored on January 4, 1975, because of the supersedeas resulting from the appeal.

## DISCUSSION AND CONCLUSION

Appellant charges the department with certain errors in its computation of points.

His first contention is that he should not have been assessed five points for failure to attend or satisfactorily complete the special examination, because he was never notified of such an examination.

Section 619.1(g) of The Vehicle Code, 75 PS §619.1, provides: "When any person's record has been reduced below six (6) points and for the second time shows as many as six (6) points, the secretary shall require a special examination as provided in section 608(g) of this act . . . and shall so notify such person in writing. If such person fails to attend and satisfactorily complete the requirements of the examination . . . an additional five (5) points shall be assigned to his record and his operator's license or learner's permit shall be suspended as provided in subsection (k) of this section."

Section 608(g) referred to in the immediately preceding paragraph provides that "The secretary may, in his discretion, require the special examination . . . of any operator, to determine incompetency, physical or mental disability or disease, or any other condition which might prevent such applicant from exercising reasonable and ordinary control over a motor vehicle or tractor."

At the hearing, the Commonwealth introduced as an exhibit a properly certified photostatic copy of a "re-exam clinic notice," dated April 9, 1974, issued by the Bureau of Traffic Safety and addressed to appellant, stating that his total point accumulation as of that date, including the point penalty for his conviction on December 19, 1973, was 11 points and requesting him to appear for a special examination by the Pennsylvania State Police at any of its examination locations. The exhibit was admitted under section 1224 of The Vehicle Code, 75 PS

§1224, as proof that such notice was mailed. But mailing is not the equivalent of notification required under section 619.1(g).

Appellant testified that he never received the notice. There is a presumption that a properly mailed letter was received, but the presumption is rebuttable: Paul v. Dwyer, 410 Pa. 229 (1963); Berkowitz v. Mayflower Securities, Inc., 455 Pa. 531 (1974). A mere denial of receipt is not sufficient, in itself, to rebut the presumption: Berkowitz v. Mayflower Securities, Inc., supra. But there are certain elements in the record to support appellant's credibility. Upon receipt of the suspension notice dated June 6, 1974, which included a statement that five additional points were assigned to his record for failure to attend or satisfactorily complete the special examination, he requested a departmental hearing. He was granted a hearing on October 10th but not an opportunity to take the examination. In evaluating the testimony, we consider it improbable that a 34-year-old driver of tractor-trailers, in apparent good health and of good intelligence, would jeopardize his livelihood by ignoring a notice to take an examination to determine his competency to drive a tractor-trailer.

The burden is on the Commonwealth to prove by a preponderance of the evidence the correctness of the point computation leading to the suspension: Bureau of Traffic Safety v. Brunett, 15 Pa. Commonwealth Ct. 100 (1974); Epps v. Commonwealth, 11 Pa. Commonwealth Ct. 544 (1974). The Commonwealth produced neither a certified nor registered mail receipt from the appellant nor any other proof that he had actual notice to take the examination before the points for failing to take it were assessed against him. All the Commonwealth

produced was a statement that the notice had been mailed. Mailed letters do go astray for a variety of reasons. See Commonwealth v. Kane, 460 Pa. 582, 333 A. 2d 925 (1975). Upon a consideration of all the evidence, we find that the Commonwealth has failed to sustain its burden of proving that appellant had proper notice to take the special examination and that the five points assessed against him for this alleged failure should be stricken from his record.

Appellant's second contention is that he should be credited with two points under section 619.1(j) which provides that ". . . points recorded against any person shall be removed from the date of the last conviction at the rate of two (2) for each year in which such person is not convicted of any violation of the laws of the Commonwealth relating to vehicles or tractors."

The effective day of the suspension that is the subject of this appeal was January 28, 1975. Appellant argues that this is the date as of which his point accumulation must be determined and that since his last conviction was on December 19, 1973, or more than a year earlier, he is entitled to a two-point reduction from his record, reducing his total to nine, or two less than the number required for suspension under section 619.1(i).

But the Commonwealth Court has held otherwise. In Department of Transportation v. White, 3 Pa. Commonwealth Ct. 527 (1971), it stated that the point assessment is made, not as of the effective date of the suspension, but as of the actual date of conviction. Subsequent clerical errors do not affect its validity. The restoration of driving privileges following suspension pending the disposition of a hearing or an appeal does not permanently reduce a

licensee's total number of points, but only allows him to retain his driving privileges until his appeal has been determined. Id.

In the White case, the operator's license was suspended for an accumulation of 13 points. His point card, as it appeared at the time of the hearing in the court below, showed a total of ten points. However, this reflected the suspension release as a result of the appeal being a supersedeas and being treated as a restored license. In sustaining the order of suspension, the court reinstated it on the accumulation of 13 points on which it was based.

The factual situation in Hunter License, 55 D. & C. 2d 115 (Cumberland County, 1972), bears a striking resemblance to ours. On August 27, 1970, the operator was convicted for speeding as a result of which six points were added to his record, giving him a total of eleven points. The order suspending his license was not issued until August 17, 1971, the suspension to become effective on August 31, 1971. The operator argued that the assessment of points occurred as of the time the Secretary of Transportation made the suspension effective, which entitled him to a credit of two points for a record that was free from violations for over a year prior thereto. President Judge Shughart, citing the White case, overruled this contention, saying: "In this case . . . the assessment of the final six points occurred as of August 27, 1970, the date of conviction; therefore, as of that date appellant had 11 points and was subject to suspension under Section 619.1(i). The mere fact that the actual notification of suspension did not occur until sometime later did not affect its validity."

In the case before us, appellant's record on December 17, 1973, as corrected by this opinion, gave him a point total of 11. He is, therefore, subject to

suspension under section 619.1(i). The fact that a correction was made in that record subsequent to the date of the first notice of suspension and that the notice of suspension and the effective date of the suspension appealed from did not occur until more than a year later did not affect its validity.

Appellant further challenges the suspension on the grounds that the point system of The Vehicle Code is unconstitutional and that the deprivation of his license imposes an undue hardship upon him. Similar contentions have been considered and clearly overruled by our appellate courts on many occasions. They require no further comment here. We, therefore, enter the following

## ORDER

And now, April 22, 1975, the court, finding that the point record of Kaye Wolfe under the provisions of section 619.1 of The Vehicle Code is 11 points, it is hereby ordered that his appeal is dismissed and the suspension of his motor vehicle operators license for a period of 60 days by the Secretary of the Department of Transportation is reinstated.