Kaye A. Wolfe, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Argued January 9, 1976, before Judges KRAMER, WIL-
KINSON, JR., and MENCER, sitting as a panel of three.

*Stephen Cohen*, for appellant.

*John L. Heaton*, Assistant Attorney General, with him
*Anthony J. Maiorana*, Assistant Attorney General,
*Robert W. Cunliffe*, Deputy Attorney General, and
*Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE KRAMER, April 6, 1976:

This is an appeal by Kaye A. Wolfe from an order
of the Court of Common Pleas of Northumberland Coun-
ty, dated April 22, 1975, which dismissed Wolfe's appeal
from a suspension of his motor vehicle operator's privi-
leges. Wolfe challenges both the constitutionality of the
"point system" established by the Vehicle Code[1] and the

---

1. Act of April 29, 1959, P.L. 58, *as amended*, 75 P.S. §101
et seq.

calculation of the particular points assessed against him. We find no merit in his contentions, and affirm.

On January 3, 1973, Wolfe was convicted of a speeding violation which resulted in an assignment of six points under Section 619.1 of the Code, 75 P.S. §619.1. After attending driver training school, his point total was reduced to five. On December 19, 1973, he was again convicted of a speeding infraction and assessed six points, bringing his total to 11. On June 6, 1974, Wolfe received written notification that his license was being suspended for 60 days, effective July 11, 1974.[2]

Wolfe requested a departmental hearing, and the suspension was stayed pending the outcome. On December 24, 1974, Wolfe was notified of the unfavorable result of the hearing and that the suspension was being reinstated, effective January 28, 1975. Wolfe then appealed to the Court of Common Pleas, which stayed the suspension pending the outcome of the appeal.

Wolfe's argument that the "point system" is violative of the due process clause of the Fourteenth Amendment to the United States Constitution is without merit. Wolfe suggests that there is no reasonable relationship between driver competence and the assessment of points, and that the suspension of a license must be based upon an individual determination of driver competence rather than proof of a violation of the Vehicle Code.

The willingness of a driver to obey the provisions of the Vehicle Code goes to the very heart of the question of whether that driver is "competent." Wolfe cannot seriously contend that "competence" involves solely the ability to skillfully operate the mechanisms of a motor vehicle. This

---

2. This notice also informed Wolfe that he was being assessed five additional points for failing to appear for a "special examination." The trial court found that these points had been improperly assessed because Wolfe never received notice to appear for such an examination. This portion of the Court of Common Pleas' decision is not challenged.

being so, the tendency of an operator to violate the Vehicle Code—which is the characteristic measured in the application of the point system—must be considered a valid means of making a decision on driver competency. Were we to adopt Wolfe's argument, the State would be powerless to regulate reckless drivers who could nonetheless demonstrate proficiency in maneuvering their vehicles.

We agree with the following observations of the Court in *Reese v. Kassab,* 334 F. Supp. 744 (W.D. Pa. 1971):

> "There can be no quarrel with the Commonwealth's position that in order to regulate the use of its highways, the state does have power to enact the Point System Plan into law and that it may use infractions of the Vehicle Code as a basis for license suspension. We may say further that the legislation is an intelligent and commendable effort to diminish the carnage on our highways by focusing attention on the most common cause of accidents, the careless and code-violating driver." 334 F. Supp. at 746.

Wolfe also contends that, pursuant to Section 619.1(j) of the Code, 75 P.S. §619.1(j), he no longer has the 11 points required for suspension. Section 619.1(j) provides that two points be removed for each year in which a violator is free of any motor vehicle violations.

It is true that Wolfe's last conviction—which resulted in a total of 11 points—occurred on December 19, 1973. Wolfe reasons that as of December 19, 1974,[3] his total was automatically reduced to nine because he had continually enjoyed his operator's privileges for one year without further violations. This argument conveniently ignores the fact that this situation is the result of *his* appeals and the attendant stays of the suspension.

---

3. The date of assessment is the date of conviction. *Department of Transportation v. White,* 3 Pa. Commonwealth Ct. 527, 283 A.2d 527 (1971).

If Wolfe's theory is adopted, any driver with 11 or 12 points could, through the prosecution of appeals, avoid the imposition of any suspension by remaining free of violations for one year while an appeal is being processed through the Department of Transportation, the Court of Common Pleas, and this Court. The statute would thus be effectively rewritten to provide that any driver with 11 or 12 points is subject to suspension only if he is convicted of yet another violation during the first year after the 11 or 12 points are accumulated.

Wolfe's argument is novel but unacceptable. Section 619.1(i) of the Code provides without qualification that the Secretary of Transportation *shall suspend* the license of any individual who accumulates at least 11 points. We must determine legislative intent from the totality of a statute and render an interpretation which gives effect to all of its provisions, if possible. *See* Statutory Construction Act of 1972, 1 Pa. C.S. §1922(2) and *Robin Corporation v. Board of Supervisors of Lower Paxton Township,* 17 Pa. Commonwealth Ct. 386, 332 A.2d 841 (1975). While it is true that Section 619.1(j) also does not contain qualifying language, it is obvious that the General Assembly intended that an operator's license be suspended if the operator is validly assessed eleven points, and, in order to effectuate this intention, we must reject Wolfe's argument. The appellate process which Wolfe would rely upon to avoid suspension was not intended to be a means of circumventing the Vehicle Code. It exists solely for the purpose of guaranteeing that the statute is enforced fairly and in accordance with law. Accordingly, we

ORDER

AND NOW, this 6th day of April, 1976, the appeal of Kaye A. Wolfe is dismissed, and the order of the Court of Common Pleas of Northumberland County in the above-captioned matter, dated April 22, 1975, is affirmed.