In Re: Appeal of Naomi I. Martin From an Order of the Board of Supervisors of West Hempfield Township. Board of Supervisors of West Hempfield Township, Appellant.

Argued December 8, 1977, before Judges WILKIN-SON, JR., ROGERS and DiSALLE, sitting as a panel of three.

*O. Howard Mummau,* for appellant.

*Kenelm L. Shirk, III,* with him *Shirk, Reist & Buckwalter,* for appellee.

OPINION BY JUDGE ROGERS, January 16, 1978:

The issue in this case is that of whether the transcript of the hearing conducted by a municipality subject to the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10101 et seq., required to be certified as part of the record on the landowner's appeal to common pleas, must be prepared at the expense of the municipality or at the expense of the landowner.

The West Hempfield Township, Lancaster County, Board of Supervisors conducted hearings in the mat-

ter of Naomi I. Martin's challenge to the validity of, and request for a curative amendment to, the township's zoning ordinance pursuant to Section 1004, subsection (1)(b) and (2)(d) of the MPC, 53 P.S. §11004-(1)(b), (2)(d). A stenographic record of the hearings was made but no transcript was prepared. The Supervisors, without findings, discussion or conclusions, dismissed Martin's challenge and denied her request for curative amendment. Martin appealed to the court below. The record certified by the township did not include a transcript and Martin filed a motion that the township be required at its expense to cause a transcript to be prepared. The township answered that Martin should pay for the transcript. The court below, after argument, decided the issue in Martin's favor and directed the township to produce the transcript. We affirm.

Before the extensive changes and additions to the MPC made by the Act of June 1, 1972, P.L. 333, then Section 1007 read in full as follows:

Transcript of Board Testimony. —The appellant, before proceeding to hearing or argument upon the zoning appeal shall obtain and file with the court a transcript thereof.

This provision was entirely removed by the 1972 amendments and present Section 1007 deals with entirely different subjects. Section 1008 of the MPC before the 1972 amendments dealt with the subject of supersedeas only. Section 1008 as rewritten by the amendments treats supersedeas by a Subsection (4). Subsection (2) of Section 1008 was new and reads as follows:

Upon filing of a zoning appeal, the prothonotary or clerk shall forthwith as of course, send to the governing body, board or agency whose decision or action has been appealed, by registered or certified mail, the copy of the

zoning appeal notice together with a writ of certiorari commanding said governing body, board or agency within twenty days after receipt thereof to certify to the court its entire record in the matter in which the zoning appeal has been taken, or a true and complete copy thereof, including any transcript of testimony in existence and available to the governing body, board or agency at the time it received the writ of certiorari.

The court below in this case held that the action of the Legislature in removing the provision requiring the appellant to obtain and file the transcript and in supplying a new provision requiring, in this case the governing body, to certify the entire record "including any transcript of testimony in existence and available to the governing body," evinced an intention to shift the onus of providing the transcript, including the cost, to the municipality. We agree.

The Township argues, seemingly based on the statute's use of the conjunction "and" between the phrases "in existence" and "available to the governing body", that the Township has no duty unless the transcript be existing and available. This construction requires ascribing the same general meaning to "in existence" and "available". Since it would seem to be unlikely that the transcript would be in existence but not available, a better interpretation would seem to be one requiring the municipality to furnish the transcript if it is in existence *or* available—in this case by having the stenographer transcribe the notes. In this connection, it is well to recall that it is the duty of courts to ascertain the intention of the Legislature and that in doing so courts are often compelled to construe "and" as meaning "or" and again "or" as meaning "and". *Petrash Guardianship,* 425 Pa. 433, 229 A.2d 878 (1967).

The holding of the court below which we affirm has the further beneficial effect of bringing the procedure with respect to transcripts in often important and substantial zoning matters required to be tried before municipal bodies into conformity with the procedure applicable to civil trials generally.

Finally, the case of *Kreitz v. Zoning Board of Adjustment*, 4 Pa. Commonwealth Ct. 602, 287 A.2d 884 (1972) is obviously of no application having been decided before the 1972 amendments. It also concerned an intervenor seeking a transcript for his use on the appeal. The MPC still requires parties to pay for their own copies of transcripts. MPC Section 908(7), 53 P.S. §10908(7).

Affirmed.

### ORDER

AND Now, this 16th day of January, 1978, the order of the Court of Common Pleas of Lancaster County made October 20, 1976 is affirmed.