Appeal of Bruce G. Crossley From the Decision of the Zoning Hearing Board of the Township of Bern, Berks County, Pennsylvania, Refusing the Granting of a Variance. Bruce G. Crossley, Appellant.

Argued April 10, 1981, before Judges BLATT, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*Paul R. Ober, Erickson, Ober & Ober,* with him
*Frederick O. Brubaker,* for appellant.

*Jonathan L. Wesner,* with him *Scott L. Huyett,* for
appellee.

OPINION BY JUDGE MACPHAIL, July 7, 1981:

Bruce G. Crossley (Appellant) filed an application
for a variance with the Zoning Hearing Board (Board)
of the Township of Bern, Berks County. On October
5, 1978, the Board issued a timely decision after hear-
ing, denying the request for a variance. On October
27, 1978, Appellant filed a notice of appeal of the
Board's decision with the Court of Common Pleas of
Berks County. The court prothonotary promptly act-
ed upon Appellant's notice of appeal, in accordance
with Section 1008(2) of the Pennsylvania Municipali-
ties Planning Code, Act of July 31, 1968, P.L. 805, *as
amended,* added by Act of June 1, 1972, P.L. 333, *as
amended,* 53 P.S. §11008(2), which provides:

> Upon filing of a zoning appeal, the prothon-
> otary or clerk shall forthwith as of course, send
> to the governing body, board or agency whose
> decision or action has been appealed, by regis-
> tered or certified mail, the copy of the zoning
> appeal notice together with a writ of certiorari
> commanding said governing body, board or
> agency within twenty days after receipt thereof
> to certify to the court its entire record in the

matter in which the zoning appeal has been taken, or a true and complete copy thereof, including any transcript of testimony in existence and available to the governing body, board or agency at the time it received the writ of certiorari.

On March 19, 1979, Appellant filed a "Petition to Sustain Appeal" with the lower court, for the reason that the Board had not answered the writ of certiorari by the filing of the record within the 142 days since the writ's issuance. The court issued a rule upon the Board to show cause why the appeal should not be granted for the delay. The Board filed an answer to the rule[1] and depositions followed. On August 28, 1979 (305 days subsequent to the writ's issuance), the Board did file the record of its proceedings with the court below. The court below dismissed the Appellant's "Petition to Sustain Appeal" after oral argument and discharged the Rule to Show Cause on March 13, 1980. On May 5, 1980, the court below dismissed Appellant's appeal on the merits.

Appellant has limited his appeal to us to the alleged error of the trial court when it did not grant his "Petition to Sustain Appeal." The resolution of that issue presents to us a question of statutory construction and one of first impression: whether or not the language of Section 1008(2) of the MPC, which directs the prothonotary to *command* the governing body, board, or agency, within twenty days after receipt of the writ to certify to the court its entire record in the matter appealed, is mandatory or merely directory.

---

[1] In its answer, the Board admitted it had not filed its record with the court, but alleged in new matter that counsel for the parties had agreed that the record would not be filed until the transcript was completed. However, this explanation was rejected by the court below.

Appellant argues that the Board was mandated by Section 1008(2) of the MPC to certify its record *within twenty days,* that the Board delayed 305 days before filing the record, and that by virtue of such delay, Appellant's appeal should be sustained.

Whether a particular statute is mandatory or directory does not depend upon its form but upon the intention of the legislature. *In Re: Columbia Borough,* 24 Pa. Commonwealth Ct. 190, 354 A.2d 277 (1976). In ascertaining whether the legislature intended particular statutory language to be mandatory or not, we must decide whether the thing directed to be done is of the essence of the thing required. *Pennsylvania Railroad Co. v. Board of Revision of Taxes,* 372 Pa. 468, 93 A.2d 679 (1953).

We may determine the essence of Section 1008(2) by considering any former law. Section 1921(c)(5) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(c)(5). Section 1008(2) entirely replaced former Section 1007 by the Act of June 1, 1972, P.L. 333, which read in full as follows:

Transcript of Board Testimony—The appellant, before proceeding to hearing on argument upon the zoning appeal shall obtain and file with the court a transcript thereof.

This Court in *In Re: Appeal of Martin,* 33 Pa. Commonwealth Ct. 303, 381 A.2d 1321 (1978), affirmed the lower court's holding that the action of the legislature in removing the provision (former Section 1007) requiring appellant to obtain and file the transcript and in supplying the new provision requiring the governing body or board to certify the entire record, including any transcript, "evinced an intention to shift the onus of providing the transcript, including the costs, to the municipality." *Id.* at 306, 381 A.2d at 1322. It follows from the holding in *Martin* that the essence of Section 1008(2) is the mandate that the zoning hear-

ing board or governing body, rather than the applicant, provide the record which includes the transcript and bear the related costs, when appeals are taken from its decisions. The twenty-day time period is not part of the essence of Section 1008(2).

We also must determine legislative intent from the totality of the statute and render an interpretation which gives effect to all of its provisions, if possible. *Wolfe v. Department of Transportation*, 24 Pa. Commonwealth Ct. 261, 355 A.2d 600 (1976). We cannot construe Section 1008(2) in isolation, but must construe the Section with reference to the entire statute and not apart from its context. *Insurance Department v. Adrid*, 24 Pa. Commonwealth Ct. 270, 355 A. 2d 597 (1976).

Appellant argues that upon comparison of Section 1008(2) with Section 908(9) of the MPC, 53 P.S. §10908(9), we can presume that the legislature intended the time frame in Section 1008(2) to be mandatory, a violation of the twenty-day period to be met by a deemed decision in appellant's favor. Section 908(9) provides in relevant part:

> The board or the hearing officer . . . shall render a written decision . . . within forty-five days after the last hearing before the board or hearing officer. . . . Where the board fails to render the decision within the period required by this subsection, or fails to hold the required hearing within sixty days from the date of the applicant's request for a hearing, the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing to an extension of time.

Although both Sections 908(9) and 1008(2) involve duties of the Board in the hearing or appeal process, we believe that the simple presence of a sanction in Section 908(9) and the absence of a sanction in Sec-

tion 1008(2) is a clear manifestation of the legislature's intent to make the time frames in Section 908 (9) mandatory and the twenty-day time frame in Section 1008(2) merely directory. By Section 1008(2), the legislature is mandating the Board to certify the record, but is not mandating the time frame in which to do so.

In the recent decision of *Beekhuis v. Zoning Hearing Board of Middletown Township,* 59 Pa. Commonwealth Ct. 307, 429 A.2d 1231 (1981), this Court en banc rejected the applicants' contention under another similar MPC provision that a deemed approval of their application challenging the validity of an ordinance arose from the 61-day delay between the filing of the appeal with the board and the hearing. The applicant's challenge in *Beekhuis* was controlled by Section 1004(2) of the MPC, 53 P.S. §11004(2)(f), which provides for a 60-day maximum delay provision, but, like Section 1008(2), contains no deemed approval language.

The Court in *Beekhuis* held that a deemed approval did not arise from the delay because "there must be an express legislative declaration of deemed approval in the statutory or ordinance provision in order to have such a substantive result produced by procedural tardiness." Slip op. at 8-9.

There being no "express legislative declaration of deemed approval" within Section 1008(2), we hold that its twenty-day maximum delay provision is merely directory.

Certainly the least we can say is that we do not condone the Board's delay in certifying its record. Such a delay, whether or not prejudicial to the Appellant,[2] constitutes a dereliction of duty on the part of the Board. We do note, however, that Appellant was

---

[2] In this case, the trial court held that Appellant had not shown that he sustained injury or prejudice as a result of the delay.

not without remedy. At an earlier stage he could have filed an action in mandamus to compel the Board to certify its record; for this Court has stated that the purpose of the maximum delay provisions having no deemed approval provision is to form the basis for an action in mandamus to compel the performance of official duties. *Hopewell Township v. Wilson,* 46 Pa. Commonwealth Ct. 425, 406 A.2d 610 (1979).

The resolution of the issues involving the delay in certifying the record being the sole basis for the Appellant's appeal, we will affirm the orders of the Court of Common Pleas of Berks County.

### ORDER

AND Now, this 7th day of July, 1981, the orders of the Court of Common Pleas of Berks County, dated March 13, 1980 and May 5, 1980, are hereby affirmed.