Roberto *v.* Wood, Exrx., Appellant.

Argued March 23, 1955. Before STERN, C. J., STEARNE, JONES, CHIDSEY and ARNOLD, JJ.

*Irving Sikov,* for appellant.

*James P. Ifft, Jr.,* for appellee.

Opinion Per Curiam, April 18, 1955:

This is an action in assumpsit for money due under an alleged oral contract as payment for work on a building project. The jury found a verdict in favor of plaintiff and the trial court refused defendant's motions for judgment n.o.v. and for a new trial, from which refusal defendant appeals.

Although there has never been any real issue of law in the case, and although the amount involved is comparatively modest, it is over eight years since the cause of action arose.

Plaintiff's amended complaint alleged that in September, 1946, Mary Ciletti employed him to perform certain specified work for completing the construction of a small concrete block garage building which had been begun by another contractor but left unfinished. Plaintiff was to perform the work on a full time basis until the completion of the building and to supervise and manage all the work necessary for its erection, for which services he was to be paid the sum of $3,000. Mary Ciletti agreed to pay for all materials and any additional labor employed by her for the purpose of assisting in the completion of the building. The complaint further alleged that plaintiff engaged continuously in the performance of the necessary work and supervision until the end of December, 1946, when the building was finished. Mary Ciletti died in 1949. Of the $3,000 promised he was paid $75.00 during the progress of the work and he brought the present action to recover the balance of $2,925.00 with interest. The jury found in his favor in the sum of $2,925 but without interest.

It is defendant's contention that plaintiff's testimony at the trial did not sufficiently establish either the making of the alleged oral agreement or plaintiff's performance of the work and therefore that binding

instructions in favor of defendant should have been given. However, it appears that one of plaintiff's witnesses testified to having been present when decedent promised to pay plaintiff the sum of $3,000 when the job for which she employed him was finished, and that plaintiff worked on the job day and night about 12 or 13 hours a day; he also described in detail the work that went into the construction and the labor that plaintiff performed. Another witness testified that plaintiff worked on the building an average of not less than 12 hours a day. Still another witness testified that decedent discussed with plaintiff the nature and some of the details of the work to be done and agreed to pay him $3,000 to complete the job, and that plaintiff did finish the work on the building. Two of these witnesses worked for plaintiff on the job, the one off and on for about three months, the other for a couple of weeks. Plaintiff's wife testified that he was on the job every single day, seven days a week, and at times did not come home until 2 or 3 o'clock in the morning. It is perfectly clear, therefore, that all this testimony furnished ample proof both of the making of the oral agreement with decedent and his performance of it whereby he became entitled to receive the promised consideration.

As to defendant's motion for a new trial, the sole reason advanced in support of it was that the verdict was against the weight of the evidence, but the trial court found that there was no merit in this contention. It is true that defendant produced a large number of witnesses, practically all of them either related to decedent or closely connected with her family, some of whom testified that they worked from time to time on the building, not under the direction and supervision of plaintiff but of one of the decedent's sons. All these witnesses were more or less interested and the jury had

the right to appraise the truth and importance of their testimony. They admitted that plaintiff did perform considerable work on the project and that they themselves were just "helping out" and were not paid for any of the work they allegedly performed. It is also to be noted that plaintiff's agreement with decedent apparently contemplated the possible employment of labor, additional to that of plaintiff, which she might choose to engage for the purpose of assisting in the completion of the building and for which she agreed to pay.

The judgment is affirmed.