318

County of Allegheny, a political subdivision of the Commonwealth of Pennsylvania, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent. County of Dauphin et al., Intervening Party Petitioners.

Argued February 6, 1980, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, BLATT, CRAIG and MACPHAIL. Judges ROGERS and WILLIAMS, JR. did not participate.

*Loraine S. Tabakin,* with her *James H. McLean,
E. J. Strassburger,* Assistant County Solicitors, and
*Alexander Jaffurs,* County Solicitor, for petitioner.

*Prince Altee Thomas,* with him *Joseph F. Strain,*
Deputy Attorney General, for respondent.

*H. Reginald Belden, Jr.,* with him *Robert L.
Knupp,* for intervening party petitioners.

OPINION BY JUDGE CRUMLISH, JR., July 31, 1980:

The Department of Public Welfare's (DPW) rate
setting procedures for care of criminally insane persons
committed to Farview State Hospital is the subject of
Allegheny County's (County)[1] petition for declaratory
relief. DPW has filed a battery of preliminary objec-
tions. We sustain DPW's preliminary objections and
dismiss the County's petition for review because the
relief the County seeks will not terminate its con-
troversy with DPW and the controversy would thus be
better resolved before DPW in the first instance.

The filed briefs did not untangle the procedural
morass which resulted from poorly framed pleadings.
We attempt to journey through this jungle in order to
amplify the need for more precise preparation.

In its petition for review, the County invokes our
original jurisdiction, seeking a declaratory judgment as
to its right to a DPW administrative hearing[2] under

---

[1] The counties of Adams, Berks, Chester, Dauphin, Monroe
and Philadelphia sought and were granted the right to intervene as
party petitioners. In addition, the Pennsylvania State Association of
County Commissioners participated as amicus curiae.

[2] The County also seeks declarations (1) that because the cur-
rent rate was set without a hearing, current charges against it are
void, and (2) that certain DPW actions which allegedly resulted in
higher operating costs at Farview constitute an abuse of DPW
discretion, and that the alleged consequential higher costs may not
be passed on in higher per diem rates.

the rate setting section of the Mental Health and Mental Retardation Act of 1966 (Act)[3], and then our appellate jurisdiction, seeking review of DPW's current per diem rates on the theory that the setting of those rates constitutes a final reviewable agency determination.[4] By way of preliminary objection, DPW sets forth a seven part demurrer, a five part motion for more specific pleading, a five part objection to jurisdiction, and a two part motion to strike. Although DPW failed to move to quash that part of the County's petition for review as to appellate jurisdiction, it does assert in its supporting brief that to the extent that the suit is in the nature of an appeal from DPW rate setting, it is untimely filed.

The County seeks participation in and appellate review of the process by which DPW determines the rate to be charged for care of convicted or sentenced criminally insane persons committed to Farview State Hospital pursuant to Section 505 of the Act, 50 P.S. §4505. That section imposes liability for care on the convicting or sentencing county. Currently, DPW's policy, to which the County objects, is to compute the patient per diem rate to be charged to each convicting and sentencing county by dividing the overall institution operating cost by the total number of patients.

First, as to the County's assertion of our appellate jurisdiction: We are unable to determine from the facts alleged which decision of DPW, if any, the County would have us review. Nor do we know when the most recent per diem rate was determined. A DPW letter demanding payment of outstanding per diem charges, received by the County on July 27, 1978, indicates that the rates here challenged must

---

[3] Section 505 of the Act of October 20, 1966, Special Sess. No. 3, P.L. 96, *as amended,* 50 P.S. §4505.

[4] In its brief in opposition to DPW's preliminary objections, the County requests these reliefs in the alternative.

have been in effect at least by that date. Since the County did not file its petition for review until September 29, 1978, its "appeal" from DPW's rate setting or its payment demand must, under any interpretation, be considered untimely filed. *See* Pa. R.A.P. 1512. This being so, the County has waived whatever right it may have had to appeal whatever decision DPW may have made reflecting the per diem rate charged to the County.

As to the County's original action for declaratory judgment: DPW's first preliminary objection is in the nature of a demurrer and argues, among other things, that the County fails to state a cause of action. The Declaratory Judgments Act, 42 Pa. C. S. §§7531-7541, prescribes the procedures and guidelines to which a court must adhere in considering applications for declaratory judgments. Section 7537 of the Act, 42 Pa. C. S. §7537, gives to a court discretion "to refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." The relief sought by the County consists of (1) a declaration that per diem rate setting by DPW under Section 505 of the Act is either an adjudicatory function or a rule making function, which requires compliance with either the Administrative Agency Law, 2 Pa. C. S. §§501-508, 701-704, or the "Commonwealth Documents Law," Act of July 31, 1968, P.L. 769, 45 P.S. §1102 et seq., *as amended,* or in the alternative that the DPW per diem rates as to Farview Hospital constitute an abuse of discretion, and that for any one of these reasons, the current rates are invalid and unenforceable as to the County, and (2) a declaration that certain DPW actions which have allegedly resulted in higher operating costs at Farview constitute an abuse of agency discretion, and that the alleged

consequent higher costs may not be passed on to the County in the per diem charges.

Obviously, none of these declarations would terminate the controversy between the County and DPW, because the effect of each would be to create more uncertainty as to the liabilities of the County and of all other sentencing and convicting counties statutorily responsible for the maintenance of the criminally insane in DPW administered facilities. This is not to say that the County has no accessibility to judicial review of DPW's rate setting system for per diem charges under Section 505, but merely that a declaratory judgment from this Court is inappropriate because any result we may reach would be inconclusive. In our view, the only efficient route to resolution of these issues would be through a proceeding before DPW challenging current per diem rates, from which then an appeal would lie to this Court. We sustain DPW's demurrer as to the County's failure to state a cause of action in declaratory judgment, and, for that reason, need not rule on DPW's remaining preliminary objections.

Accordingly, we

### ORDER

Now, July 31, 1980, the Department of Public Welfare's preliminary objection in the nature of a demurrer for failure to state a cause of action is sustained, and the County of Allegheny's petition for review is hereby dismissed.

President Judge Bowman did not participate in the decision in this case.