The School District of Pittsburgh, Appellant *v.* City of Pittsburgh and Borough of Mt. Oliver, Appellees.

Argued October 6, 1981, before President Judge CRUMLISH and Judges MENCER, ROGERS, BLATT and WILLIAMS, JR.

*Robert J. Stefanko,* solicitor, with him *David H. Dille,* Assistant Solicitor, for appellant.

*Marvin A. Fein,* Associate City Solicitor, with him *Mead J. Mulvihill, Jr.,* City Solicitor, for appellee, City of Pittsburgh.

*John C. Mohan, Mohan & Graff,* for appellee, Borough of Mt. Oliver.

OPINION BY JUDGE BLATT, April 16, 1982:

This action arose on October 2, 1980 when the School District of Pittsburgh (School District) filed a Complaint requesting Declaratory Judgment with the Court of Common Pleas of Allegheny County. It sought interpretation of Section 652.1 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* added by Section 3 of the Act of December 19, 1975, P.L. 511 (Act 150), 24 P.S. §6-652.1. Particular reference was made to whether or not the School District is "coterminous" with the City of Pittsburgh (City) and/or the Borough of Mt. Oliver (Borough) for purposes of complying with the halving requirement of Section 652.1 of Act 150 which provides in pertinent part:

(A) The elected Board of Public Education in any school district of the first Class A shall have authority to impose taxes for the purposes of such school district as follows:

(1) Without ordinance and under the following statutes their reenactments and amendments, at the rates fixed therein, namely:

. . . .

(III) Act of August 24, 1961 (P.L. 1135, No. 508) (Income Tax), [24 P.S. §§588.1-588.12].

. . . .

(2) In addition thereto, by ordinance on any persons, transactions, occupations, privileges, subjects and real or personal property as they shall determine not prohibited by the act of December 31, 1965 (P.L. 1257, No. 511), known as 'The Local Tax Enabling Act'; but no ordinance shall authorize the imposition of a tax on the wages, salary or net income of any person not a resident of such school district.

(B) Any ordinance authorizing a tax, other than under a statute and at the rate fixed thereby, shall fix the rate thereof and provide for the levy, assessment and collection of the same.

(C) In any case where an ordinance of the elected board of education imposes a tax on the same subject and person on which any coterminous political subdivision imposes a similar tax, the rate shall be halved as provided in section 8 of 'The Local Tax Enabling Act.' (Footnotes omitted.)

The School District is comprised of the City, with the exception of sections of the City's 12th, 31st and 32nd Wards, and of the Borough which is situated completely within the City, being bounded by the City on all sides. Both the City and the Borough impose certain taxes pursuant to the Local Tax Enabling Act (Act 511), Act of December 31, 1965, P.L. 1257, 53 P.S. §§6901-6924; the City, however, is not subject to the limitations of the Act inasmuch as it has been governed by a Home Rule Charter since January 5, 1976. *See* 53 P.S. §1-302. The School District levies its taxes under the authority granted it by Act 150 of the Public School Code of 1949, enacted on December 19, 1975,

which mandated that each school district of the first class A[1] shall have an elected, rather than an appointed, school board, Section 302.1 of Act 150, 24 P.S. §3-302.1, and delineated its taxing authority. Section 652.1(a)(1) of Act 150 preserved the School District's power to tax pursuant to the statutes which had constituted its prior taxing authority as an appointed board, and Section 652.1(a)(2) augmented this authority with a grant of additional taxing power. From the time the School District's first elected board took office up until December 1979, the board exercised only the taxing power afforded it by Section 652.1(a)(1) of Act 150. In early 1980, however, the Board recognized that additional funds would be required to meet its 1981 budgetary requirements and proposed to levy additional taxes pursuant to Section 652.1(a)(2) of Act 150.[2] It then notified the City and the Borough that it intended to levy a one per cent earned income tax pursuant to Section 652.1(a)(2) in addition to the one per cent earned income tax already imposed under Section 652.1(a)(1). The School District concluded that it was coterminous with both the City and the Borough and that, therefore, the halving requirement of subsection C would apply; the City and the Borough, however, did not agree with this interpretation of the statute which would, of course, result in a loss of tax revenues to them.

When the parties were unable to reach agreement as to the appropriate interpretation of the word "coterminous" as used in the statute, the School District sought a declaratory judgment seeking to have Sec-

---

[1] The School District of the City of Pittsburgh has been, and continues to be, the only "first class A" school district in the state. *See* Section 202 of the Code, 24 P.S. §2-202.

[2] The School District proposed to levy one or more of the following: an earned income tax, a per capita tax, an occupational privilege tax, an amusement tax and/or a realty transfer tax.

tions 652.1(a)(2) and 652.1(C) of Act 150 judicially construed. When the court below had not ruled on their complaint by December 1980, the School District, in order to meet its 1981 budgetary requirements, raised its real property tax from 29 mills to 41 mills and its earned income tax from one per cent to two per cent pursuant to Section 652.1(a)(2), but advised the City Treasurer to collect only an additional one-half per cent earned income tax pursuant to the halving requirement of Section 652.1(C). The court below subsequently denied the School District's request for declaratory judgment, and ruled that the School District is not empowered to levy a tax on wages, salaries, commissions and earned income of residents pursuant to Act 511 as incorporated in Section 652.1(a)(2) of Act 150 and, in view of its conclusions of law, deemed the issue of coterminality to be moot.

In retaining, by virtue of Section 652.1(a)(1), the authority of the now elected school board to tax, pursuant to the statutes under which its predecessor appointed board had formerly taxed, the legislature used the prefatory language *"[w]ithout ordinance* and under the following statutes their reenactments and amendments, *at the rates fixed therein. . . ."* (Emphasis added.) Among the statutes revived thereunder is Section 2 of the Act of August 24, 1961, P.L. 1135, *as amended,* 24 P.S. §588.2, which provides in pertinent part:

> The Board of Public Education of school districts of the first class A shall levy, annually, a tax of *not more than one per centum* on the following:
>
> (a)   Salaries, wages, commissions and other compensation earned by residents. (Emphasis added.)

In *Hanek v. Cities of Clairton,* 24 Pa. Commonwealth Ct. 69, 354 A.2d 35 (1976), 24 P.S. §588.2 was inter-

preted as providing that the wage tax imposed thereunder must be considered as imposed by ordinance. However, 24 P.S. §588.2 now has vitality pursuant to Section 652.1(a)(1) which dictates that the tax be levied "[w]ithout ordinance," and, therefore, *Hanek* is no longer controlling on that point of interpretation.[3] 24 P.S. §588.2, as now effected pursuant to Section 652.1(a)(1) of Act 150, must be read, therefore, as statutorily mandating that the School District impose an annual tax *of not more than one per cent* on earned income.

The School District argues that the court below erred in concluding that the taxing power conferred by Section 652.1(a)(2) was limited to the power to impose only such additional taxes as were not duplicative of the taxes enumerated in Section 652.1(a)(1). In construing a statute, however, the court must determine legislative intent from the totality of a statute and render an interpretation and construction which gives effect to all of its provisions, if possible. 1 Pa. C. S. §1921(a); *Wolfe v. Department of Transportation, Bureau of Traffic Safety*, 24 Pa. Commonwealth Ct. 261, 355 A.2d 600 (1976). To suggest that the School District can impose a tax on earned income pursuant to Section 652.1(a)(2) in addition to the one per cent permitted under Section 652.1(a)(1) is to ignore the legislature's specific prohibition of an earned income tax in excess of one per cent, as expressed in 24 P.S. §588.2. It is clear, therefore, that the legislature did not intend an "absurd, impossible of execution or unreasonable" result, 1 Pa. C. S. §1922(1), such as

---

[3] We do not believe that we are bound by the interpretation rendered by the Court in *Hanek* of 24 P.S. §582.2 inasmuch as implementation of its taxing provisions by an elected school board pursuant to Section 652.1 became effective subsequent to our decision in that case. *See* Section 5 of Act 150, 24 P.S. §6-652.1 (note) (Supp. 1981-82).

would occur if the school board, by the simple device of enacting an ordinance pursuant to Section 652.1(a) (2), was permitted to negate the tax limits imposed upon it by Section 652.1(a)(1).

The School District points to the closing language of Section 652.1(a)(2): "but no ordinance shall authorize the imposition of a tax on the wages, salary or net income of any person not a resident of such school district" as evidencing the legislature's intent that the taxing power granted by subsection (a)(2) includes the power to enact a tax on earned income in addition to the one per cent tax[4] permitted under subsection (a)(1). The tax authorized in subsection (a)(1), however, is limited to residents, 24 P.S. §588.2, and subsection (a)(2) merely prohibits expansion, by means of local ordinance, of the earned income tax to nonresidents of the School District. It should also be noted that, rather than enumerating the objects of taxation by ordinance under subsection (a)(2), the legislature chose to establish them by reference to those not prohibited by Act 511.

We conclude, therefore, that the school board of the School District may not utilize Section 652.1(a)(2) to increase by ordinance any of the legislatively imposed tax rate limitations imposed under the statutes revived by Section 652.1(a)(1), which are effective "[w]ithout ordinance . . . at the rates fixed therein." It is clear then that, inasmuch as Section 652.1(a)(2) does not confer power upon the school board to increase by ordinance any tax whose rate limitation has been set pursuant to Section 652.1(a)(1), the school board's power to tax the earned income of its residents is limited to a tax of one per cent imposed without ordinance pursuant to Section 652.1(a)(1).

---

[4] In 1967 the legislature raised the earned income tax rate to one per cent from the one-half per cent originally enacted in 1961. 24 P.S. §588.2.

We now address the question of whether or not the City and the Borough are coterminous with the School District, and, if so, to what degree, if any, they are, consequently, subject to the halving requirements of Section 652.1(C) which applies in "any case where an *ordinance* of the elected board . . . imposes a tax on the same subject and person on which any coterminous political subdivision imposes a similar tax." (Emphasis added.) An earned income tax of one per cent (in addition to the one per cent levyable pursuant to Section 652.1(a)(1) is the only tax dealt with by the court below as a tax which the School District has sought to impose by ordinance pursuant to Section 652.1(a)(2),[5] and this we and the court below have said it cannot do. The court below also declared that, in view of its conclusions, the issue of coterminality was moot. We believe, however, that in the instant case, the court had the "power to declare rights, status and other legal relations [of the parties] whether or not further relief is or could be claimed," Section 7532 of the Declaratory Judgments Act, 42 Pa. C. S. §7532, and, that the question of coterminality should, therefore, have been considered by the court below and actually was and is not moot.

In view of the School District's inability, absent legislative mandate, to increase the earned income tax of its residents, it is highly likely that it will be forced to seek other sources of revenue through enactment of such tax ordinances as are permitted under Section 652.1(a)(2). It may, therefore, decide to implement some of the other taxes which it has already considered

---

[5] The court below did not address the increase in the real property tax by which the School District raised the tax rate from the 29 mills authorized by Section 652.1(a)(1) of Act 150 to 41 mills. If the 12 mill increase was affected by ordinance pursuant to Section 652.1(a)(2) then it too suffers from the same infirmities as the increase in the earned income tax.

imposing,[6] some of which concern subjects or persons upon whom the City and/or the Borough already impose a similar tax. The declaration which it seeks, therefore, would be conclusive as to the parameters of the taxing authority of the School District and would serve to create certainty and to terminate controversy among the parties. *County of Allegheny v. Department of Public Welfare,* 53 Pa. Commonwealth Ct. 318, 416 A.2d 1175 (1980), and the question of coterminality should, therefore, be addressed.

Webster's Third New International Dictionary 516 (1966) defines "coterminous" as "1: having the same or coincident boundaries: covering or involving the same area . . . 2: coincident or coextensive in range, scope, limit, time, or duration . . . : identical with." "Coextensive" is defined as "having the same scope or boundaries: occupying the same space. . . ." *Id.* at 439, while "coincident" is defined as "a: marked by or showing coincidence . . . b: occupying the same space: having the same position. . . ." *Id.* at 441. In determining the legislature's intent with regard to its use of the word "coterminous" here, "we are not limited to the mere letter of the law, but must look to the underlying purpose of the statute and its reasonable effect." *William Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 216, 346 A.2d 269, 293 (1975) (quoting *Commonwealth v. Cherney,* 454 Pa. 285, 290, 312 A.2d 38, 41 (1973) (footnote omitted)).

If the City and Borough are each considered to be coterminous with the School District, then, Section 652.1(C) requires that when the School District, by ordinance, pursuant to Section 652.1(a)(2), taxes the same subjects or persons as does the City or the Borough, as the case may be, the tax set by each of the two coterminous entities is subject to the halving provi-

---

[6] *Supra* note 2.

sions set forth in Section 8 of Act 511, 53 P.S. §6908. "The condition precedent to the automatic halving provided by Section 8 is the duplication of taxes upon the *same subject.*" *Hanek,* 24 Pa. Commonwealth Ct. at 79, 354 A.2d at 42 (emphasis in original). It is clear, therefore, that the legislature intended the word "coterminous," as used in this tax statute, to apply to situations where a political subdivision covers or occupies the same area or space as the School District, so as to result in "duplication of taxes upon the *same subject.*" *Id.* Consequently, for purposes of Section 652.1(C) of Act 150, the Borough and the City, sans those sections of the 12th, 31st, and 32nd Wards of the City not located within the School District, are deemed to be coterminous with the School District. And the City residents of those sections of the 12th, 31st, and 32nd Wards located outside the School District are not residents of this first class A school district. They are taxpayers within *a different tax scheme,* which applies to the City and the school district within which they reside, and they are, therefore, not governed by the statute presently before us.

We do not believe that such an interpretation offends the uniformity clause of the Pennsylvania Constitution,[7] which provides that:

> All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws.

The residents of the School District who are also residents of the Borough and of the City comprise "the same class of subjects within the territorial limits of the authority levying the tax," which, in the case of Section 652.1 of Act 150, is the School District, while the City residents living within a different school dis-

---

[7] Pa. Const. art. VIII, §1.

trict are not situated "within the territorial limits of the authority levying the tax" and are, therefore, taxpayers within a different tax scheme. *Hanek.* The halving provision of Section 652.1(C), therefore, applies only to taxes imposed by the School District *by ordinance,* as that term has herein been construed, upon residents of the district in any situation in which the tax so imposed is levied on the same subject and person upon which the Borough and the City have imposed a tax.

Further, Section 652.1(C) provides that the tax shall be halved as provided in Section 8 of Act 511, 53 P.S. §6908, and this section sets forth limitations on rates of specific taxes and then provides that:

> [A]t any time two political subdivisions shall impose any one of the above taxes on the same person, subject . . . located within both such political subdivisions, during the same year or part of the same year, under the authority of this act then the tax levied by a political subdivision under the authority of this act shall, during the time [of] such duplication . . . be one-half of the rate, as above limited. . . .

If, therefore, the School District elects, pursuant to Section 652.1 of Act 150, to impose supplemental taxes by ordinance, it is then bound by the limitation on subjects and rates of taxation as well as by the halving provision premised thereon.

While the analysis of the court below was correct, as far as it went, its order failed to address the issue of coterminality and was consequently not generally responsive to the School District's request for declaratory judgment,[8] which should have been granted.

---

[8] The School District petitioned for declaratory judgment thusly:

WHEREFORE, because of the difference in interpretation of the term 'coterminous' as used in the aforementioned statute, and because of the need on the part of the governing

The court's order, therefore, must be vacated and remanded to the court below for issuance of a declaratory judgment consistent with this opinion.

ORDER

AND Now, this 16th day of April, 1982, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is vacated and the matter is remanded for the issuance of a declaratory judgment consistent with this opinion.

Judge PALLADINO did not participate in the decision in this case.

---

board of the School District to know specifically whether and, if so, to what extent the language of subsection (C) of section 6-652.1 of the Public School Code affects its taxing powers, the School District respectfully requests this Honorable Court to render a declaratory judgment concerning the issue of coterminality and, in so doing, asks that the Court answer the following specific concerns.

1. Whether the School District is coterminous with the City and/or the Borough as that term is used in section 6-652.1(C) of Act 150.

2. If the School District is not coterminous with either the City or the Borough, whether the governing board of the School District in levying taxes under section 6-652.1 (a)(2) of Act 150 is bound by the maximum limits on the rates of those taxes as those limits are set forth in section 8 of Act 511.