### Imbody v. Brian's Place

*F. Paul Laubner,* for plaintiff.
*Jeffrey R. Dimmich,* for defendant Brian's Place.
*John L. Obrecht,* for defendant Robert McBride.

WILLIAMS, *P.J.,* June 8, 1983—This matter comes before the court on a preliminary objection to plaintiff's complaint filed by defendant Robert McBride (defendant). Plaintiff filed this trespass action to recover for injuries sustained when she was allegedly assaulted by defendant. At the time of the alleged attack, plaintiff was a patron at Brian's Place, a tavern located in Northampton, Pa. Defendant was employed at Brian's Place as a bartender.

In her complaint, plaintiff advances two theories of recovery: (1) intentional assault and (2) liability pursuant to section 4-493 of the Pennsylvania Liquor Code.[1] The latter theory is premised on the allegation that defendant served himself alcoholic beverages while already visibly intoxicated and subsequently initiated the attack upon plaintiff which resulted in her injuries. Defendant's preliminary objection is in the nature of a general demurrer and tests the sufficiency of the claim raised under the Liquor Code only.

It is fundamental in the law of pleadings that a demurrer accepts as true all well-pleaded material,

---

1. 47 Pa. C.S. §4-493

factual averments in plaintiff's complaint as well as all reasonable inferences fairly deducible therefrom. Yania v. Bigan, 397 Pa. 316, 155 A.2d 343 (1959); Byers v. Ward, 368 Pa. 416, 84 A.2d 307 (1951). A demurrer does not, however, admit conclusions of law and unjustified inferences. Lerman v. Rudolph, 413 Pa. 555, 198 A.2d 532 (1964). Proceeding from these tenets, the complaint is examined to determine whether it establishes a cause of action which, if proved, would entitle plaintiff to the relief sought. If such a cause of action is displayed by a fair reading of the complaint, the demurrer must be denied. Sinn v. Burd, 486 Pa. 146, 404 A.2d 672 (1979).

In support of his demurrer, defendant first contends that plaintiff has failed to allege that defendant was an agent or employee of a licensee of the Liquor Control Board. This contention is without merit. A review of the complaint reveals that plaintiff specifically alleged that Brian's Place employed defendant as a part-time bartender and that defendant was acting in such capacity at the time of the alleged assault. This allegation is sufficient to notify defendant that plaintiff is seeking to establish an agency relationship. See, e.g., Pike County Hotels Corp. v. Kiefer, 262 Pa. Super. 126, 396 A.2d 677 (1978); Line Lexington Lumber & Millwork Co., Inc. v. Pa. Publishing Corp., 451 Pa. 154, 301 A.2d 684 (1973).

Defendant next argues that a cause of action does not lie under section 4-493 where a bartender serves himself alcoholic beverages while visibly intoxicated and subsequently injures a patron. This section provides in pertinent part that it shall be unlawful:

"(1) For any licensee or the board, or any employe, servant or agent of such licensee or of the board, or any other person, to sell, furnish or give

any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished or given, to any person visibly intoxicated, or to any insane person, or to any minor, or to habitual drunkards, or persons of known intemperate habits."

Although we have found no case law specifically imposing liability on an employee for serving himself alcoholic beverages while visibly intoxicated, a fair reading of the statute, in light of the aforementioned standards governing our review of the demurrer, leads us to conclude that the defendant's preliminary objection must be dismissed.

In construing a statute, we are to give primary consideration to the intent of the Legislature. 1 Pa.C.S. §1921(a); School District of Pittsburgh v. City of Pittsburgh, 66 Pa. Commw. 238, 443 A.2d 1206 (1982). We are to examine the entire statute and bear in mind that the General Assembly is presumed to have enacted the statute for the interests of the public rather than those of private individuals or entities. Chesler v. Government Employees Insurance Company, 302 Pa. Super. 356, 448 A.2d 1080 (1982). Viewed in this light, we are satisfied that in enacting §4-493, the General Assembly intended not only to impose vicarious liability upon a licensee for the acts of his employees, but also to impose liability on an employee of a licensee who serves himself while visibly intoxicated and who, as a direct and proximate result of such intoxication, launches an assault on a patron and causes injury.

In Commonwealth v. Randall, 183 Pa. Super. 603, 615-16, 113 A.2d 276 (1959), the court, interpreting §4-493, concluded that the legislature intended to "prohibit minors, [and] visibly intoxicated persons, . . . from obtaining liquor, malt or brewed beverages, whether by purchase or by gift, from li-

censees or any other persons."[2] To hold, as defendant argues, that a bartender who furnishes himself with intoxicating liquors while already visibly intoxicated is immune from the liability imposed by section 4-493 would be to frustrate the legislature's intent to protect society from the harm caused by the furnishing of alcohol to intoxicated persons. See Majors v. Broadhead Hotel, 416 Pa. 265, 205 A.2d 873 (1965); Schelin v. Goldberg, 188 Pa. Super. 341, 146 A.2d 648 (1958).

## ORDER OF COURT

And now, this June 8, 1983, defendant's preliminary objection in the nature of a demurrer is denied and dismissed.

---

2. Quoting the lower court opinion of Barthold, P.J., 34 North. 118.